Argued and submitted April 11, affirmed July 2, reconsideration denied August 22, petition for review denied October 7, 1986 (302 Or 86)

SMITH et al,
*Appellants,*

*v.*

BULL RUN SCHOOL DISTRICT NO. 45,
*Respondent.*

(82-9-138; CA A35765)

722 P2d 27

Barbara Diamond, Portland, argued the cause for appellants. With her on the briefs were Liana Colombo and Kulongoski, Durham, Drummonds & Colombo, Portland.

Nancy Tauman, Oregon City, argued the cause for respondent. With her on the brief were Hibbard, Caldwell, Bowerman, Schultz & Herbert, Oregon City.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

### WARREN, J.

Plaintiffs are three female school teachers who were employed by defendant school district. They commenced this action for damages under the state and federal equal pay acts, ORS 652.220 and 29 USC § 206 (1982), claiming that defendant paid them less than it paid male employes for comparable and equal work during the period September, 1980, to September, 1982.[1] After a trial to the court, the trial court entered a judgment for defendant. Plaintiffs appeal and argue that the trial court applied improper rules concerning the parties' burdens of proof and, therefore, failed to analyze the evidence properly.

Plaintiffs Swails and Rohweder were full-time teachers of regular classes during both academic years at issue. Plaintiff Smith was the Title I-Resource Room teacher, who worked with children with special educational needs. Smith was employed only during the 1980-81 school year and on a four-fifths time basis. All three plaintiffs had similar responsibilities for supervising students and planning classes, and all were required to have a valid Oregon teaching certificate. They all signed the same type of contract and had the same job description.

ORS 652.220 provides, in pertinent part:

"(1)   No employer shall:

"(a)   In any manner discriminate between the sexes in the payment of wages for work of comparable character, the performance of which requires comparable skills.

"(b)   Pay wages to any employe at a rate less than that at which the employer pays wages to employes of the opposite sex for work of comparable character, the performance of which requires comparable skills.

"(2)   Subsection (1) of this section does not apply where:

"(a)   Payment is made pursuant to a seniority or merit system which does not discriminate on the basis of sex.

"(b)   A differential in wages between employes is based in good faith on factors other than sex."

---

[1] As explained, *infra,* "comparable" work is the standard of the state act and "equal work" is the standard of the federal act.

The effects of the state and federal[2] equal pay acts are substantially the same. Both prohibit the payment of different wages to members of the opposite sexes for the performance of comparable or equal work, unless the differential is based on one of several enumerated nondiscriminatory factors. One difference between them is that the federal act refers to "equal" work, whereas the state act refers to "comparable" work, which is a more inclusive term. There is no dispute that all plaintiffs were performing work equal to the male teachers. The issue is whether the trial court properly perceived and allocated the parties' burdens of proof with regard to discrimination in compensation and whether its finding that there was not discrimination is supported by substantial evidence. Because the two acts are so similar, we shall discuss only the state act, but our holding applies equally to the federal claim.

It is not difficult for a plaintiff to make a *prima facie* case under ORS 652.220(1)(b). Plaintiffs simply had to show that they were performing work comparable to that of male teachers and that they were paid less than male teachers. In actions for unequal pay under 652.220(1)(b), plaintiffs do not have the burden of proving that the pay differential was based on sex. Rather, the burden is on the defendant to prove as an affirmative defense that the pay disparity is based on a particular factor other than sex as provided in ORS 652.220(2). Plaintiffs' and defendant's burdens under 29 USC § 206(d)(1) (1982) are the same. *Corning Glass Works v. Brennan,* 417 US 188, 195-97, 94 S Ct 2223, 41 L Ed 2d 1 (1974). In contrast, in an unlawful employment practices case under ORS Chapter 659, in order to make a *prima facie* case of discrimination a plaintiff must prove "that the facts give rise to the permissible inference that the wage disparity was based

---

[2] 29 USC § 206(d)(1) (1982) provides:

"No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex: *Provided,* That an employer who is paying a wage rate differential in violation of this subsection shall not, in order to comply with the provisions of this subsection, reduce the wage rate of any employee."

on sex." *Bureau of Labor and Ind. v. City of Roseburg,* 75 Or App 306, 311, 706 P2d 956 (1985), *rev den* 300 Or 545 (1986).

As stated above, plaintiffs proved that they performed work equal to male teachers. The only remaining issue is whether they were paid less than male teachers. Before the 1980-81 school year, defendant paid teachers according to a salary schedule which reflected their experience and education. The district abandoned the schedule for the two years in issue and subsequently reinstated it. The salaries of plaintiffs and the district's male and some other female teachers for 1980-82 were:

|  |  | Annual Salary | |
| Teacher | (Sex) | 1980-81 | 1981-82 |
| --- | --- | --- | --- |
| Swails (Pl) | (F) | $16,500 | $17,693 |
| Rohweder(Pl) | (F) | 13,500 | 14,500 |
| Smith (Pl) | (F) | 13,750* | |
| Roberts | (F) | 13,000 | |
| Olsen | (M) | 17,500 | |
| Snider | (F) | | 17,500 |
| Haas | (M) | | 17,500 |
| Schmitz | (M) | | 14,000 |

*Based on salary for 4/5 time work of $11,000.

It is apparent from the table that, in 1980-81, the one male teacher was paid more than each of the female plaintiffs. In 1981-82, Swails was paid more than both male teachers, and Rohweder was paid less than one and more than the second male teacher. All plaintiffs proved that they were paid less than male teachers in 1980-81. Rohweder proved that she was paid less than a male teacher in 1981-82. Plaintiffs made a *prima facie* case.

Defendant alleged as affirmative defenses that the disparities were based on a merit system and in good faith on factors other than sex. In support, defendant offered evidence to prove two points. First, its witnesses testified that the district had received complaints about some of the plaintiffs, was not completely satisfied with their work and paid them less than other teachers to provide an incentive to improve their performance. Second, defendant's witnesses testified that the district desired to improve the quality of its faculty and that it had to pay new teachers, male and female, higher

salaries to entice them to come to the school, which was in an isolated rural location.

Plaintiffs argue that the trial court labored under the mistaken impression that plaintiffs had to prove discrimination based on sex. For example, the court stated in its memorandum opinion:

"The evidence indicates that the main theme of the Board was to attempt to improve the quality of education provided at the elementary level, the reasons of the individual board members varied and the Court is in no way attempting *to evaluate their reasoning but merely to determine if it indicates a difference in pay based on sex discrimination.* * * * [T]he Board hired other teachers, male and female, at higher and lower salaries than the salaries paid the plaintiffs which in the Court's opinion demonstrates a lack of 'any salary system' other than personal opinions of the Board's members and their desire to improve the quality of teaching. The fact is that the 'lack of system' or schedule created morale problems, · and Board criticism was a natural result of the lack of clear thinking on the part of the Board but *does not demonstrate hiring bias based on sex.*

"Based on the evidence, the Court is of the opinion that the *plaintiffs have failed to prove the merits of their claims* and the Court finds in favor of the defendant." (Emphasis supplied.)

The trial court also stated in its judgment its conclusion that "the evidence presented failed to support the allegations of plaintiffs' claim."

Plaintiffs argue that from these statements the trial court may have imposed on plaintiffs the burden to prove discrimination based on sex and concluded that they did not make a *prima facie* case. It is apparent, however, that the trial court considered all the evidence and concluded that defendant proved that the pay differential was based in good faith on factors other than sex. The trial judge's statements are ambiguous. Because there were no special findings, we cannot tell whether the trial court allocated and applied the correct burdens of proof in reaching its decisions. In the absence of special findings, we assume that the trial court applied the correct standard and review the decision to determine if the judgment is supported by substantial evidence.

Defendant offered evidence that it paid some new teachers more than plaintiffs because it believed, in good faith, that the new teachers were more qualified. A claim that certain employes were paid more than others because they are better qualified and not because of their sex, if made in good faith and believed by the trier of fact, is a defense under ORS 652.220(2).[3] The defense here is bolstered by the fact that one new female teacher (Snider) was paid equally to two new male teachers and more than one new male teacher. There is credible evidence which would support the conclusion that defendant proved its affirmative defense.

Affirmed.

---

[3] Plaintiffs also argue that defendant's claim that the salary differential was justified by the male teachers' superior skills does not state an adequate defense. In their reply brief they say:

"* * * As this court stated in *Bureau of Labor and Industries v. City of Roseburg,* the mere fact that one employee possesses skills superior to another, does not, standing alone, justify unequal pay:

" '[The proper inquiry] focus[es] not on qualifications, background and experience of persons who hold the comparison jobs, but on a comparison of the jobs themselves.'

"75 Or App 306, 311, 706 P2d 956 (1985). *Accord, Peltier v. City of Fargo,* 533 F2d 374 (1976) (federal Equal Pay Act requires comparison of the nature of actual duties performed, not capacities or additional skills of employees). * * *"

Plaintiffs take the quotation from *Bureau of Labor and Ind. v. City of Roseburg, supra,* out of its proper context. That portion of the opinion states that only a comparison of jobs, and not of the employes' qualifications, background and experience, is relevant to the issue of whether employes are performing comparable work. It does *not* state that employes' different skills and experience cannot justify a salary differential.